IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTEHRN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGINALD SOUTHALL and FRANKIE SHAMBURGER, ) ) ) Plaintiffs, ) ) v. ) ) ALLSTATE VEHICLE AND ) PROPERTY INSURANCE COMPANY, et al. ) ) Defendants. ) | CIVIL ACTION NO.: 2:24-cv-00082-KD-C |

**ORDER**

This cause is before the Court on David J. Van Puffelen's Motion to Quash and for a Protective Order. (Doc. 49). Having reviewed the motion and exhibits thereto, the undersigned finds that the Southern District of Alabama is not the proper forum for the motion to quash, and Mr. Van Puffelen has not met his burden of demonstrating the information and documents requested by the Defendants are privileged and subject to protection from disclosure.

Pursuant to Rule 45, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3). The place of compliance identified in the subpoena served upon Mr. Van Puffelen is Birmingham, Alabama. (*See* Doc. 49-2, PageID.381). "[T]he district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required,' which may or may not be the court that issued the subpoena." *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-CV-203-ORL-41TB, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (citing Fed. R. Civ. P. 45(d)(1), (d)(3), (g)). *See* also *Hiers as Next Friend of D.H. v. Blackwell*, No. 3:24-CV-

1

123-RAH-JTA, 2024 WL 4895707, at *2 (M.D. Ala. Nov. 26, 2024). Thus, the Southern District of Alabama is not the proper forum to consider Mr. Van Puffelen's request to quash the subpoena. Mr. Van Puffelen's motion must be filed in the Northern District of Alabama.

"Rule 26(b)(4)(D)(ii) protects from disclosure 'facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial,' except where there exist 'exceptional circumstances under which it is impracticable for the [requesting] party to obtain facts or opinions on the same subject by other means.'" *Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 684 (N.D. Ga. 2012) (citing Fed. R. Civ. P. 26(b)(4)(D)(ii)). Thus, "'[t]o be shielded from discovery the document must be (1) produced by an attorney or her agent and (2) created in anticipation of litigation." *Brasfield & Gorrie, LLC v. Hirschfeld Steel Grp. LP*, No. 2:20-CV-00984-LSC, 2021 WL 5449203, at *2 (N.D. Ala. Nov. 22, 2021). The party asserting the work-product protection must establish that the documents were prepared in anticipation of litigation, and the privilege must be "specifically raised and demonstrated rather than asserted in a blanket fashion." *Id*. "This burden may be satisfied through a detailed privilege log and affidavits from counsel, the party, or the expert, and also by any of the traditional ways in which proof is produced in pretrial proceedings." *Id*.

Although Mr. Van Puffelen filed an affidavit with his motion, the affidavit is vague - it does not provide specific evidence of privileged documents and is equivocal on the question of whether he will testify at trial. For example, paragraph 4 of the affidavit states "Retained or specially employed by the plaintiff in anticipation of litigation or to prepare for trial but not expected to be called at trial as a trial witness." (*See* Doc. 49-1, PageID.378).

2

Accordingly, based on the foregoing, Mr. Van Puffelen's Motion to Quash and for a Protective Order should be and is **DENIED.**

**DONE AND ORDERED** this 6th day of June 2025.

                                        **/s/WILLIAM E. CASSADY**
                                        **UNITED STATES MAGISTRATE JUDGE**